UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Plaintiff,

v.

AFSHIN ARYA, et al.,

    Defendants.

No. 2: 16-cv-2465 MCE KJN P

FINDINGS AND RECOMMENDATIONS

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to file an amended complaint. (ECF No. 26.) Defendant has opposed this motion. (ECF No. 30.) Plaintiff filed a reply to defendant's opposition. (ECF No. 33.)

For the reasons stated herein, the undersigned recommends that plaintiff's motion to amend be granted.

II. Allegations in Original Complaint

This action proceeds on the original complaint filed October 14, 2016, as to defendant Dr. Arya. (ECF No. 1.) Plaintiff alleges that he suffers from cervical spondylosis and hepatitis C. Plaintiff alleges that on September 16, 2017, Ron Brown, a contract physical therapist at California State Prison-Sacramento ("CSP-Sac"), recommended that plaintiff be transferred to

another prison in order to receive cervical traction three times a week due to his limited scheduling availability. (Id. at 6.)

In December 2014, plaintiff was transferred to the California Medical Facility ("CMF"). (Id.) Plaintiff was housed at CMF from December 2014 through January 2016, where he received cervical traction and heat pad therapy twice a week "with marked improvement in pain relief, grip strength in his left hand and increased range of motion in his neck and shoulder." (Id. at 6-7.)

In January 2016, plaintiff's cervical traction was discontinued when he was transferred to two different prisons. (Id. at 7.) In February 2016, plaintiff was evaluated by an outside sports/pain physician who recommended cervical traction, electrodiagnostic nerve testing, trigger point injections and an increase in gabapentin. (Id.)

In June 2016, plaintiff was evaluated by an outside neurosurgeon who recommended continued cervical traction over surgery. (Id.)

In June 2016, an electromyogram and nerve conduction study revealed paraspinal muscle nerve root damage. (Id.) In June 2016, an ultrasound of plaintiff's liver revealed that he had Stage III liver disease. Plaintiff alleges that he was not informed of the results of the ultrasound until September 2016. (Id.)

On September 27, 2016, defendant Dr. Arya saw plaintiff for a chronic care appointment. (Id. at 8.) At that time, plaintiff was housed at CSP-Sac. Plaintiff told defendant Arya about his cervical spondylosis history. (Id.) Plaintiff told defendant Arya that the pain medication he took was ineffective and that he suffered from pain, and loss of sleep and grip strength. (Id.) Defendant Arya told plaintiff that he would prescribe Celebrex, an NSAID. (Id.) Plaintiff told defendant Arya that he had taken Celebrex in the past, but it was ineffective and that plaintiff had hepatitis C. (Id.) Defendant Arya prescribed Celebrex anyway and ordered physical therapy. (Id.)

Plaintiff told defendant Arya that physical therapy at that prison was for acute care only, and that the physical therapist would recommend his transfer to another prison capable of providing more scheduled, routine cervical traction. (Id.) Plaintiff asked to be medically transferred to an institution capable of providing traction two or three times per week. (Id. at 9.)

Defendant Arya told plaintiff that due to his custodial housing in PSU, a medical transfer was not available. (Id.) Plaintiff told defendant Arya that he was allowing custody to intentionally interfere with his medical treatment for reasons unrelated to his medical needs. (Id.)

Defendant Arya told plaintiff that he had Stage III liver disease. (Id.) Defendant Arya told plaintiff that his condition was serious, but he refused to order hepatitis drug treatment. (Id.)

III. Proposed Amended Complaint

Plaintiff filed his motion to amend and proposed amended complaint on June 15, 2017. (ECF No. 26.) The proposed amended complaint names as defendants Dr. Arya, CSP-Sac Chief Executive Officer Felder, and California Correctional Health Care Facilities Deputy Director Lewis. (Id. at 5.)

The proposed amended complaint includes the same allegations against defendant Arya as made in the original complaint. (See id. at 11-15.) Plaintiff additionally claims that he told defendant Arya that CSP-Sac lacked the equipment necessary for cervical traction. (Id. at 14.)

With respect to defendants Felder and Lewis, plaintiff alleges that on September 29, 2016, he submitted a medical staff complaint against defendant Arya for failing to treat his hepatitis C. (Id. at 14.) Plaintiff alleges that in this grievance, he wrote that the California Department of Corrections and Rehabilitation ("CDCR") had been tracking his hepatitis C for over ten years. (Id. at 16.) Plaintiff alleges that the June 2016 test results showed that his disease had progressed to significant liver damage. (Id.) Plaintiff alleged that he had to wait four months after June 2016 to receive the results of these tests. (Id.) Plaintiff alleged that in September 2016, defendant Arya told him the results of the tests, advised him of his immediate need for treatment but failed to prescribe treatment. (Id.)

Plaintiff alleges that on December 9, 2016, defendant Felder determined that plaintiff's grievance against defendant Arya should be handled as a request for a staff complaint. (Id. at 16-17.) Defendant Felder found that "staff did not violate CDCR policy with respect to one or more of the issues appealed." (Id.)

Plaintiff alleges that he submitted his appeal for third level review, claiming that he had still not received treatment for hepatitis C. (Id. at 17.) Plaintiff alleges that on March 17, 2017,

3

defendant Lewis responded to plaintiff's appeal. (Id.) Defendant Lewis advised plaintiff to submit a CDCR 7362 Health Care Services Request Form (sick call slip), or a separate CDCR 602-HC request related to medical issues he felt were unresolved. (Id. at 17-18.)

Plaintiff alleges that when he complained to a nurse on November 30, 2016, that he had received no treatment for hepatitis C, the nurse submitted a request for treatment on his behalf to the California Correctional Health Care Services. (Id. at 18.) Plaintiff alleges that defendant Lewis reviewed his medical record, but did not order that he receive treatment for hepatitis C. (Id.) In other words, plaintiff appears to claim that when defendant Lewis advised him to submit a sick call slip in March 2017, plaintiff had already done so in November 2016. Plaintiff alleges that defendant Lewis must have been aware of this sick call slip when he denied his request for treatment in March 2017.

Plaintiff alleges that his hepatitis C treatment finally began on May 22, 2017, approximately 11 months after he was found to have Stage III liver disease. (Id. at 26.)

IV. Discussion

A. Legal Standard

Because plaintiff wishes to add claims arising from events that took place after this suit was filed, the undersigned construes plaintiff's motion as seeking leave to file a supplemental complaint under Rule 15(d). Federal Rule of Civil Procedure 15(d). ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."); see also 6A Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1504 (3d ed. 1971) ("Parties and courts occasionally confuse supplemental pleadings with amended pleadings and mislabeling is common. However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of Rule 15.")

Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added. Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). Thus, "[w]hile leave to permit

4

supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted). When new parties are added to the pleading, those individuals must be connected to the original claims. See Griffin v. County Sch. Bd. of Prince Edward Cnty., 377 U.S. 218, 226–27 (1964).

Generally, the standard used by district courts in deciding whether to grant or deny a motion for leave to supplement is the same standard used in deciding whether to grant or deny a motion for leave to amend. San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior, 236 F.R.D. 491, 496 (E.D Cal. 2006).

"Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the plaintiff has previously amended the complaint." Desertrain v. City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. (emphasis in original).

B. Analysis

In the opposition to the motion to amend, defendant argues that plaintiff's motion to amend should be denied on grounds that it is futile because he failed to exhaust administrative remedies as to his claims against defendant Arya. The undersigned herein addresses the futility factor first.

*Futility*

Defendant does not argue that plaintiff's claims against new defendants Felder and Lewis are futile. Instead, defendant argues that allowing plaintiff to add new claims is futile because the claims against defendant Arya are not exhausted. For the following reasons, the undersigned is not persuaded by this argument.

5

In the Ninth Circuit, dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure. Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc). The only exception is "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." Id. at 1166 (authorizing defendant to move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6)). Based on this law, the issue of exhaustion of administrative remedies is not appropriately raised, or considered by the court, in an opposition to a motion to amend. For these reasons, the undersigned does not consider whether plaintiff's proposed amendments are futile based on his alleged failure to exhaust administrative remedies as to his claims against defendant Arya.

Moreover, it is not clear that plaintiff has failed to exhaust his administrative remedies with respect to his claims against defendant Arya. In his reply to defendant's opposition, plaintiff alleges that in March 2016, he filed a grievance while housed at Mule Creek State Prison ("MCSP") requesting that the recommendations of the pain specialist be adopted, and that he be transferred to CMF for cervical traction and heat pad therapy. (ECF No. 33 at 2.) After the grievance was granted in part, plaintiff submitted the grievance to the second level of review. (Id. at 3.) Plaintiff's grievance was denied at the second level. (Id.)

On June 12, 2016, plaintiff allegedly submitted his grievance to the third level of review. (Id.) On July 5, 2016, plaintiff was transferred to CSP-Sac. (Id. at 4.) On September 29, 2016, plaintiff's third level grievance was denied. (Id. at 29.) This grievance states that plaintiff was requesting, in part, that the recommendations of the pain specialist be adopted and that plaintiff be medically transferred to CMF. (Id.) The response discusses plaintiff's treatment following his transfer to CSP-Sac on July 5, 2016, including his September 27, 2016 assessment by his Primary Care Provider, i.e., defendant Arya. (Id.) The response describes the treatment provided by the Primary Care Provider, including their finding that "there is no documentation to support the PCP determined that …cervical traction or heat therapy is clinically indicated at this point." (Id. at 29-30.) Plaintiff filed his original complaint in the instant action after receiving the third level decision.

1 | The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, provides that
2 | "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or
3 | any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until
4 | such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Ninth
5 | Circuit has recognized that

> A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations.

Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (citing Jones v. Bock, 549 U.S. 199, 218 (2007)); see also Griffin v Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.).

In this case "[t]he California prison system's requirements define the boundaries of proper exhaustion." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009). In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. See id. § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and exhausts a prisoner's administrative remedies. See id. 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. Butler v. Adams, 397 F.3d 1181, 1183 (9th Cir. 2005).

In the grievance originally filed at MCSP and concluded at CSP-Sac, plaintiff complained of his ongoing failure to receive cervical traction. The third level response addressed the treatment plaintiff received following his transfer to CSP-Sac and, specifically, the September 27, 2017 examination by defendant Arya. Prisoners are not required to file and exhaust separate grievances each time they allegedly receive inadequate medical care for an ongoing condition. See Lewis v. Naku, 2007 WL 3046013, *5 (E.D. Cal. 2007). However, the primary purpose of a

grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); accord Morton v. Hall, 599 F.3d 942, 946 (9th Cir. 2010). Because the third level response specifically addressed the September 27, 2016 exam by defendant Arya, plaintiff's failure to name defendant Arya in the grievance is not necessarily fatal to plaintiff's claims against this defendant. See McClure v. Chen, 2017 WL 1148135 at *2-3 (E.D. Cal. 2017) (citing Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016)).

Based on the discussion above, the undersigned finds that the issue of plaintiff's exhaustion of administrative remedies as to his claims against defendant Arya should be raised in a summary judgment motion.

*Remaining Factors*

The remaining factors to consider in deciding the propriety of plaintiff's motion to amend are bad faith, undue delay, prejudice to the opposing party, and whether the plaintiff has previously amended the complaint.

Because plaintiff has not previously amended complaint, this factor favors plaintiff's proposed amendment.

With respect to undue delay, the undersigned observes that defendants Lewis and Felder allegedly denied plaintiff's grievances requesting hepatitis treatment in December 2016 and March 2017. Plaintiff began receiving hepatitis C treatment in May 2017. Plaintiff filed the proposed amended complaint on June 15, 2017. Based on these circumstances, the undersigned does not find that plaintiff demonstrated undue delay in filing the amended complaint.

In the opposition, defendant Arya makes no argument that he will be prejudiced by the proposed amendment. On March 23, 2017, the court issued a scheduling order setting the discovery cut-off date for July 7, 2017, and the dispositive motion filing date for September 29, 2017. (ECF No. 21.) Allowing plaintiff to amend his complaint will require modifying these deadlines. However, the prejudice to defendant from this modification appears minimal.

The undersigned does not find that plaintiff acted in bad faith in filing his proposed amended complaint.

C. Conclusion

After weighing the factors discussed above, the undersigned finds that plaintiff should be allowed to amend his complaint. Plaintiff's claims against defendants Lewis and Felder relate to the claim in the original complaint against defendant Arya for allegedly failing to order hepatitis C treatment. The undersigned also finds that plaintiff has stated potentially colorable claims against defendants Lewis and Felder for denial of medical care in violation of the Eighth Amendment. Plaintiff alleges that these defendants failed to grant his requests for treatment for hepatitis C.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion to amend (ECF No. 26) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 23, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hick2465.ame