1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL J. HICKS,                        No. 2: 16-cv-2465 MCE KJN P

12                  Plaintiff,

13        v.                                  ORDER

14   AFSHIN ARYA, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court are motions to compel filed by plaintiff and

19   defendant Arya.  (ECF Nos. 24, 27.)  Also pending is plaintiff's motion for a sixty days extension

20   of time to conduct discovery.  (ECF No. 35.)

21   Defendant's Motion to Compel (ECF No. 24)

22        *Plaintiff's Alleged Failure to Respond*

23        Defendant alleges that on March 27, 2017, defendant served plaintiff with special

24   interrogatories and a request for production of documents.  Defendant correctly states that

25   pursuant to the March 23, 2017 scheduling order, responses to discovery requests are due within

26   forty-five days.  Defendant states that plaintiff failed to respond to the discovery requests.

27   Defendant requests that the court compel plaintiff to respond to the discovery requests within ten

28   days.

                                              1

In his opposition to the motion to compel, plaintiff alleges that he did not receive the discovery requests from defendant when they were originally served. (ECF No. 28.) On May 28, 2017, after receiving the discovery requests attached to the motion to compel, plaintiff served defendant with responses to the discovery requests. (Id.)

In the reply to plaintiff's opposition, defendant argues that plaintiff's claim that he did not receive the discovery requests when they were first served is undermined by his change of address filing. (ECF No. 29 at 2.) A pleading filed by plaintiff on March 27, 2017, states that plaintiff was then housed at California State Prison-Sacramento ("CSP-Sac"). (ECF No. 22.) Court records indicate that on or around April 21, 2017, plaintiff was transferred to California State Prison-Corcoran. The proofs of service for the special interrogatories and request for production of documents indicate that they were served on plaintiff at CSP-Sac on March 27, 2017. (ECF No. 24 at 10, 14.)

Because it is clear that plaintiff received the discovery requests, defendant argues that plaintiff's objections to the discovery requests are untimely. Defendant also argues that plaintiff's objections are without merit.

Based on the current record, the undersigned cannot make a definitive finding regarding whether plaintiff received defendant's discovery requests when they were originally served. Accordingly, the undersigned herein addresses the merits of the motion to compel.

*Interrogatories*

At issue are eleven interrogatories. As discussed herein, all but one are contention interrogatories. "'Contention interrogatories, directed to a pro se party, are rarely appropriate[.]'" Morgan v. Haviland, 2011 WL 2433648 at *2 (E.D. Cal. 2011) (quoting Nielsen v. Society of New York Hosp., 1988 WL 100197 at *2 (S.D. N.Y. 1988).) In addition, "plaintiff is not required to present his entire case in discovery responses. 'Each and every fact' interrogatories pose problems for a responding party and a reviewing court. Parties are not tasked with laying out every jot and tittle of their evidentiary case in response to interrogatories." Tubbs v. Sacramento County Jail, 2008 WL 863974 at *1 (E.D.Cal. 2008), citing Lucero v. Valdez, 240 F.R.D. 591, 594 (D.N.M. 2007) ("[c]ontention interrogatories should not require a party to

provide the equivalent of a narrative account of its case, including every evidentiary fact ....").

Interrogatories nos. 2, 3, 4, 5, 6, 8, 9, 10, 11 and 13 are contention interrogatories.[1] Accordingly, the undersigned does not find good cause to require plaintiff to provide further responses to these interrogatories.

Interrogatory no. 7 asked, "Please identify the serious medical need(s) which you claim is the subject of this lawsuit." (ECF No. 24 at 8.) Plaintiff objected that this interrogatory was vague. (ECF No. 29 at 6.) Plaintiff further responded, "however, plaintiff suffers from cervical spondylosis, hep c and hypertension." (Id.) Interrogatory no. 7 is not vague. Plaintiff shall provide a further response clarifying that the medical needs identified in the response to interrogatory no. 7 are those which he claims are the subject of this lawsuit.

*Request for Production of Documents*

Defendant argues that in response to the request for production of documents, plaintiff served a stack of documents. Defendant states that there is no indication to what request the documents are responsive.

Request no. 1 asked for, "[a]ll documents that support your contention that Defendant Dr. Arya was deliberately indifferent to your serious medical needs." (ECF No. 24 at 12.) Request

_____

[1] Interrogatory number 2 asked, "Please state all facts which support your contention that Defendant Dr. Arya was deliberately indifferent to your serious medical needs." (ECF No. 24 at 8.) Interrogatory no. 3 asked, "Please identify all persons who have knowledge of your contention that Defendant Arya was deliberately indifferent to your serious medical needs." (Id. at 8.) Interrogatory no. 4 asked, "Please identify each document which supports your contention that Defendant Dr. Arya was deliberately indifferent to your serious medical needs." (Id. at 8.) Interrogatory no. 5 asked, "Please state all facts that support your contention that you sustained injury or damages as a result of Defendant Arya's act or omissions." (Id. at 8.) Interrogatory no. 6 asked, "Please identify all documents that support your contention that you exhausted administrative remedies with regards to your claims against Defendant Dr. Arya." (Id. at 8.) Interrogatory no. 8 asked, "Please identify all persons who have knowledge of the serious medical need(s) which you claim is the subject of this lawsuit." (Id. at 8.) Interrogatory no. 9 asked, "Please identify all documents which refer to the serious medical need(s) which you claim is the subject of this lawsuit." (Id. at 8.) Interrogatory no. 10 asked, "Please state all facts that support your contention that Dr. Arya was the cause of your injuries and damages." (Id. at 8.) Interrogatory no. 11 asked, "Please identify all witnesses who have knowledge Dr. Arya was the cause of your injuries and damages." (Id. at 8.) Interrogatory no. 13 asked, "Please identify documents that show Dr. Arya was the cause of your injuries and damages." (Id. at 9.) It appears that interrogatory no. 13 is mislabeled, as there is no interrogatory no. 12.

no. 2 asked for, "[a]ll documents that support your contention that you exhausted administrative remedies with regards to your claims against Defendant Dr. Aryan." (Id. at 13.)  Request no. 3 asked for, "[a]ll documents that refer to the serious medical need which you claim is the subject of this lawsuit."  (Id.)  Request no. 4 asked for, "[a]ll documents that identify the dates on which you claim Defendant Dr. Arya was deliberately indifferent to your medical needs."  Request no. 5 asked for, "[a]ll documents that identify the harm you suffered as a result of Defendant Dr. Arya's actions or inactions."  (Id.)  Request no. 6 asked for, "[a]ll documents that show that Defendant Dr. Arya was the case of your harm."  (Id.)

Rule 34 requires a party requesting the production of documents to "describe with reasonable particularity each item or category of items" to be produced. Fed. R. Civ. P. 34(b)(1)(A).  Broad requests are disfavored and may be disallowed.  See Crawford-El v. Britton, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly...."); Regan-Touhy v. Walgreen Co., 526 F.3d 641, 649 (10th Cir. 2008) (noting that the Manual for Complex Litigation § 11.443, at 75, encourages courts to "forbid sweeping requests" and to "direct counsel to frame requests for production of the fewest documents possible").

Defendant's requests for production of documents violate Rule 34 because they fail to describe the documents requested with reasonable particularity.  The requests are overly broad and include documents that are not relevant to this action.  Accordingly, plaintiff is not required to provide a further response to these requests.

Plaintiff's Motion to Compel (ECF No. 27)

Plaintiff seeks further responses to four requests for production of documents.  Request no. 1 seeks his California Department of Corrections and Rehabilitation ("CDCR") unit health records from July 1, 2010, to the date of the request.  (ECF No. 27 at 4.)  Defendant objected to this request on grounds that plaintiff had access to his health care records by asking for review of the records.  (Id.)  Defendant also stated that if defendant subpoena's plaintiff's medical records, plaintiff may request a copy from the subpoena service.  (Id.)

In the motion to compel, plaintiff argues that accessing his medical records through "normal institutional channels is a long and cumbersome process, raises evidentiary hurdles, and

4

will delay the completion of discovery." (Id. at 2.)

The court will not order defendant to produce documents that are equally accessible to plaintiff in his medical file. See, e.g., Valenzuela v. Smith, 2006 WL 403842 at *2 (E.D. Cal. Feb. 16, 2006) (defendants will not be compelled to produce documents that are "equally available to plaintiff in his prison medical file or in the prison law library."); Ford v. Wildey, 2014 WL 4354600 at * 4 (E.D. Cal. Sept. 2, 2014) ("Defendant indicates that any such documents are located in his central file for which Plaintiff has equal access. This response complies with Rule 34 of the Federal Rules of Civil Procedure...."). Accordingly, plaintiff's motion to compel a further response to request no. 1 is denied.

Request no. 2 sought, "All volumes of the 'Inmate Medical Services Policies and Procedures.'" (ECF No. 27 at 5.) Defendant objected that the request was not relevant and unduly burdensome. (Id.) Defendant further responded that there are 13 volumes contained in the Inmate Medical Services Policies and Procedures and each volume contains multiple chapters. (Id.) Defendant stated that this document was equally available to plaintiff because it was available to the public on the internet, and then gave the web site. (Id.) Without waiving objection, defendant stated that he would produce the table of contents for each volume. (Id.)

The undersigned agrees with defendant that request no. 2 is unduly burdensome and seeks information not relevant to this action. The request is overbroad. Accordingly, plaintiff's motion to compel a further response to request no. 2 is denied.

Request no. 3 sought the "Correctional Health Care Services Care Guide." (Id. at 5.) Defendant responded that the request was not relevant and unduly burdensome. (Id.) Defendant stated that there were 23 medical care guideline topics: anticoagulation, asthma, chest pain, clozapine, Coccidioidomycosis (Valley Fever), cognitive impairment/dementia, COPD, diabetes, Dyslipidemia, ELSD, gender dysphoria, hepatitis C, HIV, hunger strike, hypertension, major depressive disorder, pain management, palliative care, schizophrenia, seizure disorders, skin soft tissue, tuberculosis, wound and skin ulcer management. (Id.) Defendant stated that most, if not all, of these topics did not apply to any allegation in plaintiff's complaint. (Id.) Defendant also argued that this document was equally available to plaintiff, and cited the web site. (Id.)

The undersigned agrees with defendant that request no. 3 is unduly burdensome and seeks information not relevant to this action. This request is overbroad. Accordingly, plaintiff's motion to compel a further response to request no. 3 is denied.

Request no. 4 sought the CDCR Operations Manual. (Id.) Defendant objected that this request was unduly burdensome. (Id.) Defendant also argued that plaintiff had access to this document in the library. (Id.) The undersigned agrees with defendant that this request is unduly burdensome, as well as overbroad. Accordingly, plaintiff's motion to compel a further response to this request is denied.

Plaintiff's Motion for Extension of Time to Conduct Discovery (ECF No. 35)

Pursuant to the March 23, 2017 scheduling order, all motions to compel were to be filed by July 7, 2017. (ECF No. 21.) All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 were to be served not later than sixty days prior to that date. (Id.)

In the pending motion, filed June 29, 2017, plaintiff requests that the discovery cut-off be extended 60 days. (ECF No. 35.) In support of this request plaintiff alleges,

> Because the parties have been unable to resolve their discovery disputes and both parties have filed motions to compel discovery with the court that are pending resolution, plaintiff requests this court to extend discovery for 60 days.

(Id. at 1.)

When a request is made to modify a discovery plan and scheduling order before the expiration of the deadlines and before the final pretrial order is entered, a district court may extend the discovery deadlines upon a showing of "good cause." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000). The good cause standard "primarily considers the diligence of the party seeking the amendment." Id. Discovery extensions may be allowed if the deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Id.

In the pending motion, plaintiff does not describe the additional discovery he intends to conduct or why he was unable to serve these requests prior to the close of discovery. Without this information, the undersigned cannot determine whether plaintiff acted diligently. Accordingly,

////

plaintiff's motion to extend the discovery deadline is denied.[2]

       Accordingly, IT IS HEREBY ORDERED that:

       1.  Defendant's motion to compel (ECF No. 24) is denied but for interrogatory no. 7; plaintiff shall serve defendant with a further response to interrogatory no. 7 within fourteen days of the date of this order;

       2.  Plaintiff's motion to compel (ECF No. 27) is denied;

       3.  Plaintiff's motion for an extension of time to conduct discovery (ECF No. 35) is denied.

Dated:  August 23, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hick2465.com

---

[2]  The undersigned has separately recommended that plaintiff's motion to file an amended complaint naming two new defendants be granted.  If this motion is granted, discovery will be reopened as to these two new defendants.

7