UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, | No. 2:16-cv-2465 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| AFSHIN ARYA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 23, 2017, the magistrate judge filed findings and recommendations recommending that Plaintiff's motion to amend be granted. (ECF No. 38.) Defendant has filed objections to the findings and recommendations. (ECF No. 42.) The undersigned addresses Defendant's objections herein.

The only named defendant in the original complaint is Dr. Arya. Plaintiff alleges that Defendant Arya provided inadequate medical care for his cervical spondylosis and hepatitis C. The proposed amended complaint includes the same allegations against Defendant Arya as are made in the original complaint. In the amended complaint, Plaintiff also names as defendants California State Prison-Sacramento ("CSP-Sac") Chief Executive Officer Felder and California

Correctional Health Care Facilities Deputy Director Lewis.  Plaintiff alleges that Defendants Felder and Lewis failed to provide him with adequate medical care for his hepatitis C.

In the opposition to Plaintiff's motion to amend, Defendant Arya raised one argument: Plaintiff's motion to amend was futile because Plaintiff failed to exhaust his administrative remedies with respect to his claim that Defendant Arya provided inadequate medical care for his cervical spondylosis.

The magistrate judge rejected Defendant's argument that amendment was futile for the following reasons.  First, the magistrate judge noted that in the Ninth Circuit, dismissal of a prisoner civil rights action for failure to exhaust administrative remedies must generally be decided pursuant to a motion for summary judgment.  See Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014 (en banc).  The magistrate judge found that, based on this law, the issue of exhaustion of administrative remedies is not appropriately raised, or considered by the Court, in an opposition to a motion to amend.

The magistrate judge also found that it was not clear that Plaintiff failed to exhaust his administrative remedies as to Defendant Arya.  The magistrate judge found that the issue of Plaintiff's exhaustion of administrative remedies as to Defendant Arya should be raised in a summary judgment motion.

In the objections to the findings and recommendations, Defendant Arya raises two new arguments in opposition to Plaintiff's motion to amend.  First, Defendant argues that Plaintiff failed to exhaust his administrative remedies with respect to his claim that Defendant Arya provided inadequate medical care for his hepatitis C.  Second, Defendant argues that Plaintiff failed to exhaust administrative remedies with respect to his claims against Defendants Lewis and Felder.

The purpose of objections is to identify a specific defect of law or fact in the Magistrate Judge's analysis.  See 28 U.S.C. § 636(b)(1).  A District Judge has discretion to consider, or to decline to consider, new arguments presented for the first time in objections.  See Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002).  The arguments presented by defendant, who is represented by counsel, in the objections are not merely new arguments in support of a point already raised, but

new and distinct points entirely. Plaintiff has not had an opportunity to address these arguments. The undersigned has determined that these belated arguments are not properly raised. See United States v. Howell, 231 F.3d 615, 623 (9th Cir. 2000).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 23, 2017 (ECF No. 38) are ADOPTED IN FULL; and

2. Plaintiff's motion to amend (ECF No. 26) is GRANTED.

IT IS SO ORDERED.

Dated: December 11, 2017

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE