UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS, | No. 2:16-cv-2465 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| AFSHIN ARYA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for the court to appoint an expert witness. (ECF No. 65.) Plaintiff requests that the court appoint a handwriting expert to examine medical records to determine whether defendant Bodenheimer forged the signature of Dr. Sahota. In support of this request, plaintiff has provided medical records containing allegedly forged signatures.

Rule 706 of the Federal Rules of Evidence authorizes the court to appoint an independent expert. Such an appointment is within the discretion of the trial judge and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." See Torbert v. Gore, 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (citation omitted); see also Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1070–71 (9th Cir. 1999) (finding that district court did not abuse its discretion by sua sponte appointing a medical expert to help the court evaluate confusing and

1

contradictory evidence regarding fibromyalgia, which the court described as "an elusive disease of unknown cause"); Ledford v. Sullivan, 105 F.3d 354, 358–60 (7th Cir. 1997) (upholding district court's denial of prisoner's motion to appoint an expert in section 1983 action, where the expert planned to testify regarding whether prison officials showed deliberate indifference to the prisoner's serious medical needs).

An expert appointed pursuant to Rule 706 does not serve as an advocate for either party and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); Walker v. Woodford, 2008 WL 793413, at *1 (S.D. Cal. Mar. 24, 2008) ("[r]easonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties.") (citation omitted).

The undersigned finds that appointment of a handwriting expert to determine whether defendant Bodenheimer forged the signature of Dr. Sahota is not warranted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for a court-appointed expert witness (ECF No. 65) is denied.

Dated: July 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hick2465.31c