UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AFSHIN ARYA, et al.,<br><br>　　　　　　Defendants. | No. 2: 16-cv-2465 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Dr. Arya's September 20, 2018 motion to require plaintiff to post security of $25,500 or, in the alternative, dismiss this action because plaintiff is a vexatious litigant under California Code of Civil Procedure § 391. (ECF No. 69.) Defendant also requests that the court issue a pre-filing order preventing plaintiff from filing further lawsuits without leave of court. (ECF No. 69.) For the reasons stated herein, the undersigned recommends that defendant's motion be denied.

II. Background

On October 14, 2016, plaintiff filed the original complaint naming defendant Dr. Arya as a defendant. (ECF No. 1.) Plaintiff alleged that defendant Arya failed to provide him with

1

adequate medical care for cervical spondylosis and hepatitis C. On January 12, 2017, the court ordered the U.S. Marshal to serve defendant Arya with the original complaint. (ECF No. 10.)

On February 27, 2017, defendant filed an answer to the original complaint. (ECF 12.)

On May 19, 2017, defendant filed a motion to compel. (ECF No. 24.) On June 15, 2017, plaintiff filed a motion to compel. (ECF No. 27.)

On June 15, 2017, plaintiff filed a motion to file an amended complaint. (ECF No. 26.) The amended complaint named as defendants Dr. Arya, California State Prison-Sacramento ("CSP-Sac") Chief Executive Officer Felder and California Correctional Health Care Facilities Deputy Director Lewis. (Id. at 5.) The amended complaint included the same allegations against defendant Arya as were made in the original complaint. (Id. at 11-15.) Plaintiff alleged that defendants Felder and Lewis denied his grievances seeking treatment for hepatitis C. (Id. at 16-18.)

Defendant Arya opposed plaintiff's motion to amend on grounds that plaintiff failed to administratively exhaust the claims made against defendant Arya in the original complaint. (ECF No. 30.) Thus, defendant Arya argued that the motion to amend was futile. (Id.)

On August 23, 2017, the undersigned denied defendant's motion to compel, but for interrogatory no. 7. (ECF No. 39.) The undersigned also denied plaintiff's motion to compel. (Id.)

On August 23, 2017, the undersigned recommended that plaintiff's motion to amend be granted. (ECF No. 38.) The undersigned found that the issue of exhaustion of administrative remedies was not appropriately raised, or considered, by the court in an opposition to a motion to amend. (Id.)

On December 12, 2017, the Honorable Morrison C. England adopted the August 23, 2017 findings and recommendations. (ECF No. 54.)

On September 29, 2017, defendant Arya filed a motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies and as to the merits of plaintiff's claims. (ECF No. 46.)

Pursuant to the mailbox rule, plaintiff filed a proposed second amended complaint and

motion for leave to amend on October 2, 2017.  (ECF No. 47.)

On May 17, 2018, the undersigned issued twenty-five pages long findings and recommendations addressing defendant Arya's summary judgment motion and plaintiff's motion for leave to file a second amended complaint.  (ECF No. 60.)  The undersigned recommended that defendant Arya's summary judgment motion, asserting that plaintiff failed to exhaust administrative remedies as to his claims regarding hepatitis C and Celebrex, be granted.  (Id.)  The undersigned recommended that the motion for summary judgment on the grounds that plaintiff failed to exhaust his administrative remedies regarding his claims concerning his transfer to the California Medical Facility ("CMF") for cervical traction be denied.  (Id.)

The undersigned recommended that plaintiff's motion to file a second amended complaint raising new claims regarding treatment for hepatitis C and denial of adequate pain medication be denied.  (Id.)  The undersigned recommended that plaintiff's motion to file a second amended complaint be granted as to his claims alleging that defendants Arya, Bodenheimer, Hopkins and Felder denied his request to be transferred in order to receive cervical traction.[1]  (Id.)

On September 20, 2018, defendant filed the pending motion.  (ECF No. 69.)

On September 21, 2018, the Honorable Troy L. Nunley adopted the May 17, 2018 findings and recommendations in full.  (ECF No. 70.)

III. Motion for Plaintiff to Post Security

A. Legal Standard

Local Rule 151(b) provides:

> (b) Security for Costs. On its own motion or on motion of a party, the Court may at any time order a party to give a security, bond, or

---

[1] In the pending motion, filed September 20, 2018, defendant states that "to date, the court has not issued a screening order regarding the second amended complaint nor has service been ordered on the additional proposed defendants." (ECF No. 69 at 4.)  The May 17, 2018 findings and recommendations, addressing plaintiff's motion to file a second amended complaint, did screen the second amended complaint.  (ECF No. 60 at 14-24; "If the district court adopts these findings and recommendations, the undersigned will order defendant Arya to file a response to the second amended complaint, and order service of defendants Bodenheimer, Hopkins and Felder." (see id. at 24: 5-7.)  The new defendants named in the second amended complaint, against whom plaintiff stated potentially colorable claims, have not yet been served because defendant's pending motion has not been resolved.

> undertaking in such amount as the Court may determine to be appropriate. The provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural Rule of this Court on the basis of which the Court may order the giving of a security, bond, or undertaking, although the power of the Court shall not be limited thereby.

L.R. 151(b) (emphasis added).

California Code of Civil Procedure Title 3A, part 2, includes the following relevant portion:

> In any litigation pending ..., at any time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff to furnish security. ... The motion for an order requiring the plaintiff to furnish security shall be based upon the ground, and supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he or she will prevail in the litigation against the moving defendant.

Cal. Civ. Proc. Code § 391.1.

California law defines a vexatious litigant as a person who, in the seven years immediately preceding the motion, has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been finally determined adversely to the person. Cal. Civ. Proc. Code § 391(b)(1). To order the posting of a security under § 391.1, the court must additionally conclude, after hearing evidence, "that there is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant." Cal. Civ. Proc. Code § 391.3(a). Nevertheless, Local Rule 151(b) specifies that "the power of the Court shall not be limited [by Title 3A, part 2, of the California Code of Civil Procedure]." E.D. Cal. L.R. 151(b).

B. <u>Is Plaintiff Vexatious Under State Law?</u>

To establish the first prong of the motion for security, defendant Arya requests that the court declare plaintiff a vexatious litigant pursuant to California Code of Civil Procedure § 391(b)(1). The statute defines, in relevant part, a vexatious litigant as one who "in the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations ... that have been ... finally determined adversely to the person." Cal. Civ. Proc. Code § 391(b)(1)(i). The filing of the motion determines when the seven years period is measured. Stolz v. Bank of America, 15 Cal.App.4th 217, 224 (1993).

4

Under California law, "litigation" is any civil action or proceeding, commenced, maintained or pending in any state or federal court. Cal. Civ. Proc. Code § 391(a). It includes an appeal or civil writ proceeding filed in an appellate court. Garcia v. Lacey, 231 Cal. App. 4th 402, 406 (2014). A litigation is "determined adversely" to a plaintiff within the meaning of the vexatious litigant statute if the litigant does not win the action or proceeding he began, including cases that are voluntarily dismissed by a plaintiff. Id. at 406–07; see Tokerud v. Capitolbank Sacramento, 38 Cal. App. 4th 775, 779 (1995) (stating party who repeatedly files baseless actions only to dismiss them is no less vexatious than party who follows action through to completion). A litigation is "finally determined" when avenues for direct review have been exhausted or the time for the appeal has expired. Garcia, 231 Cal. App. 4th at 407 n.5 (citing Childs v. PaineWebber Incorporated, 29 Cal. App. 4th 982, 993 (1994)).

In the pending motion, defendant cites the following actions as adversely decided against plaintiff:

1. Hicks v. Kate, 2: 12-cv-2677 (C.D. Cal. 2012), dismissed April 19, 2012, based on a request for voluntary dismissal.

2. Hicks v. Kukla, 3: 12-3663 (N.D. Cal. 2012), dismissed September 24, 2012, based on a request for voluntary dismissal.

3. Hicks v. Conover, 3: 11-6363 (N.D. Cal. 2012), dismissed November 27, 2012 following revocation of plaintiff's in forma pauperis status and failure to pay the filing fee.

4. Hicks v. Chisman, 3: 13-cv-505 (N.D. Cal. 2013), dismissed March 20, 2013, based on a request for voluntary dismissal.

5. Hicks v. Neal, 3: 12-2207 (N.D. Cal. 2012), dismissed November 4, 2013 after the court granted defendants' summary judgment motion.

6. Hicks v. Lizarraga, 3: 15-cv-2408 (S.C. Cal. 2015), dismissed March 2, 2016, after plaintiff's in forma pauperis status was revoked.

7. Hicks v. Secretary of CDCR, 3: 16-cv-7385 (N.D. Cal. 2016), dismissed May 22, 2017, after the court granted defendants' summary judgment motion.

////

8. <u>Hicks v. Felder</u>, 1: 17-cv-1167 (E.D. Cal. 2017), dismissed October 30, 2017, based on a request for voluntary dismissal.

9. <u>Hicks v. Boballa</u>, 2: 15-cv-1332 (E.D. Cal. 2017), dismissed December 22, 2017, based on a request for voluntary dismissal.

10. <u>Hicks. v. Lizarraga</u>, 2: 16-cv-453 (E.C. Cal. 2016), dismissed August 20, 2018 for failure to state a claim.

11. <u>Hicks. v. Neal</u>, No. 13-17313 (9th Cir.); on February 27, 2013, the Ninth Circuit affirmed the district court order denying preliminary injunctive relief.

12. <u>Hicks v. Evans</u>, No. 12-17616 (9th Cir.), on April 8, 2013, the Ninth Circuit dismissed the appeal for failure to pay the filing fee.

13. <u>Hicks v. Neal</u>, No. 13-17343 (9th Cir.), on October 21, 2014, the Ninth Circuit affirmed summary judgment in favor of defendants.

The five actions cited above which plaintiff voluntarily dismissed qualify as actions adversely decided against plaintiff. See <u>Tokerud v. Capitolbank Sacramento</u>, 38 Cal.App.4th 775, 779 (1995). The three actions cited above dismissed on the merits, i.e., 12-2207, 16-7385 and 16-453, also were adversely decided against plaintiff.

Appeal No. 13-17343 affirmed summary judgment in favor of defendants in 12-2207. (ECF No. 69-4 at 6-61.) Accordingly, this appeal constitutes an adverse determination under California's vexatious litigant statute. See <u>Garcia v. Lacey</u>, 231 Cal.App.4th 402, 406 (2014) (appeals are distinct litigations under the California vexatious litigant statute).

In appeal no. 12-17313, on February 27, 2013, the Ninth Circuit affirmed the district court's order in 12-2207 denying preliminary injunctive relief. (ECF No. 69-4 at 56.) The order appealed was not a final order in 12-2207. (<u>See</u> <u>id.</u> at 21-22.) Nevertheless, this order by the Ninth Circuit constitutes an adverse determination under California's vexatious litigant statute. Cal. Code Civ. P. § 391(a) (litigation" is broadly defined, however, as "any civil action or proceeding, commenced, maintained, or pending in any state or federal court" and includes appeals and writ petitions, which are considered to be new litigation); <u>Garcia v. Lacey</u>, <u>supra</u>.

////

Defendant cites two district court actions and one appeal which were dismissed after plaintiff failed to pay the filing fee. Defendant cites no authority for the claim that actions dismissed, without prejudice, for failure to pay the filing fee, qualify as actions that were resolved adversely to the plaintiff. The undersigned need not reach the issue of whether these dismissals count as actions that were resolved adversely to plaintiff because defendant has cited at least five other cases that qualify as determined adversely to plaintiff. See Gonzales v. Poksakoff, 2018 WL 1316890 at *6 (E.D. Cal. March 14, 2018) (court rejects defendants' argument that cases dismissed without prejudice for failure to pay filing fee qualify as adverse dismissals under vexatious litigant statute; defendants cited no authority for position that dismissal without prejudice is an adverse determination, "and the court finds none.")

Defendant has shown that plaintiff had ten actions decided adversely against him during the relevant seven year time period. Thus, defendant has satisfied the vexatious litigant prong of the motion for security under § 391(b)(1).

C. No Reasonable Probability of Success?

Defendant next argues that there is no reasonable probability of success on the merits of this case.

In determining whether there is no reasonable probability of success, a court may determine whether a claim is foreclosed as a matter of law, but it may also weigh the evidence. Golin v. Allenby, 190 Cal. App. 4th 616, 642 (2010) (stating inability to prevail standard may be shown by weight of evidence or lack of merit); see Moran v. Murtaugh Miller Meyer & Nelson, LLP, 40 Cal. 4th 780, 784–85 (2007) (finding Cal. Civ. Proc. Code § 391.2 provides for weighing of evidence); see Garcia, 231 Cal. App. 4th at 408 (stating decision on inability to prevail is based on evaluative judgment in which court is permitted to weigh evidence). Such evidence may be "any evidence, written or oral, by witnesses or affidavit, as may be material to the ground of the motion." Cal. Civ. Proc. Code § 391.2.

To meet this prong, defendant cites his own declaration (ECF No. 69-2) and the declaration of Dr. Bennett (ECF No. 69-3).

////

The application of California's vexatious litigant statute is wholly permissive.  See L.R. 151(b) (court may order giving of a security and that court's power shall not be limited by California's vexatious litigant statute).  In other words, the court may use its discretion when determining whether to require a plaintiff who has been determined to be a vexatious litigant to post security.  See Bradford v. Brooks, 2016 WL 4537900 at *1 (9th Cir. 2016) (Local Rule 151(b) is discretionary.); see generally Simmons v. Navajo County, Ariz., 609 F.3d 1011 (9th Cir. 2010) ("District courts have broad discretion in interpreting and applying their local rules.") (internal citation omitted).  Because this rule is permissive, the court exercises its discretion by declining to order security for the following reasons.

First, a grant of defendant's security motion would require plaintiff to pay the $25,5000 prior to proceeding with his case or risk having his case dismissed for failure to comply with the court's order to post security.  See Cal. Civ. Proc. Code § 391.4 (providing for dismissal of litigation against defendant if security not provided as ordered).  Given that plaintiff is indigent, such an order would deny him access to the courts.  Under federal law, this court must consider plaintiff's indigence.  See generally Simulnet East Associates v. Ramada Hotel Operating Co., 37 F.3d 573, 575–76 (9th Cir. 1994) (stating care must be taken not to deprive a plaintiff of access to the federal courts when considering motion for security, as such deprivation has "serious constitutional implications"); see generally 28 U.S.C. § 1915(a) (supporting avoidance of limitation to court access due to indigence).  This court is to "avoid limitation of access to the courts because of a party's impecunious circumstance."  See Simulnet, 37 F.3d at 576.

Second, dismissal is the "ultimate sanction."  See United States v. King, 200 F.3d 1207, 1214 (9th Cir. 1999) (stating dismissal is the "ultimate sanction" in dismissal of indictment case); see also Thomas v. Gerber Productions, 703 F.2d 353, 356 (9th Cir. 1983) (same statement in context of deciding failure to comply with court order under Fed. R. Civ. P. 37(b) ); see also Schmidt v. Hermann, 614 F.2d 1221, 1223–24 (9th Cir. 1980) (same statement made in context of deciding whether to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b) ).  As a result, the court abuses its discretion if it imposes a sanction of dismissal without first considering its impact as well as considering the adequacy of less drastic sanctions.  United States v. National Medical

Enterprises, Inc., 792 F.2d 906, 912 (9th Cir. 1986). Although a requirement for security does not operate as a dismissal, it imposes a potential financial barrier that may have the same dispositive effect. Accordingly, the court considers this possible impact in the context of the case's procedural posture.

As discussed above, plaintiff filed this action approximately two years before defendant filed the pending motion. Defendant filed the pending motion approximately 1 ½ years after filing an answer. Before filing the pending motion, defendant filed a motion to compel and a summary judgment motion based on plaintiff's alleged failure to exhaust administrative remedies. Defendant also filed oppositions to plaintiff's two motions to amend. The court spent considerable time evaluating these pleadings. Time and resources have been spent on this action which cannot be retrieved. To possibly dismiss this action based on plaintiff's financial resources, rather than reaching the merits, would be inappropriate.[2]

For the reasons discussed above, the undersigned recommends that defendant's motion to require plaintiff to post security of $25,500, made pursuant to California law, be denied.

IV. Motion for Pre-Filing Order

A. Legal Standard

The district courts have the power to issue pre-filing orders that restrict a litigant's ability to initiate court proceedings, but "such pre-filing orders are an extreme remedy that should rarely be used." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (citing De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). However, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148.

> [I]n De Long, [the Ninth Circuit] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is

---

[2] At the time defendant filed the answer on February 27, 2017, plaintiff had five cases adversely decided against him. Requiring plaintiff to post $25,500 for costs incurred by defense counsel for defending this action since that time, costs which may have been avoided had the pending motion been filed earlier, is inappropriate.

9

> entered. De Long, 912 F.2d at 1147. Second, the district court must compile "an adequate record for review." Id. at 1148. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Id. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered." Id.

Molski, 500 F.3d at 4057. The first and second factors "are procedural considerations" while the third and fourth factors "are substantive considerations" which "help the district court define who is, in fact, a 'vexatious litigant' and construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the litigant's right to access the courts." Molski, 500 F.3d at 1057-58.

"In 'applying the two substantive factors,' [the Ninth Circuit has] held that a separate set of considerations employed by the Second Circuit Court of Appeals 'provides a helpful framework.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1062 (9th Cir. 2014) (quoting Molski, 500 F.3d at 1058).

> The Second Circuit. . . has instructed district courts, in determining whether to enter a pre-filing order, to look at five factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties."

Molski, 500 F.3d at 1052 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)).

B. <u>Findings Regarding the Frivolous or Harassing Nature of Plaintiff's Litigation</u>

"Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's filings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990). To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988); see also Moy v United States, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). "'The plaintiff's claims must not only be numerous, but also be patently without

merit.'" Ringgold–Lockhart, 761 F.3d at 1064 (quoting Molski, 500 F.3d at 1059).

Alternatively, "the district court may make [a] finding that the litigant's filings 'show a pattern of harassment.'" Ringgold–Lockhart, 761 F.3d at 1064 (quoting De Long, 912 F.2d at 1148). However, courts "must be careful not to conclude that particular types of actions filed repetitiously are harassing, and must [i]nstead ... discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." Id. (quoting De Long, 912 F.2d at 1148) (internal quotation marks omitted).

The undersigned begins by summarizing the thirteen actions cited by defendant in the pending motion.

With regard to the five actions plaintiff voluntarily dismissed, defendant has not shown that these actions were frivolous. Plaintiff voluntarily dismissed four of these cases relatively early in the litigation when no defendants had appeared.[3] Plaintiff dismissed the other action after it was remanded by the Ninth Circuit, but before service on defendants occurred.[4] Plaintiff did not dismiss these actions to avoid the adverse consequences of dispositive motions.

Plaintiff had three district court actions and one appeal dismissed for failure to pay the filing fee. While these actions may not have been adversely decided against plaintiff, the undersigned may consider these actions in determining whether plaintiff engaged in harassing litigation.

Defendant has identified three district court cases and two appeals dismissed on the merits. One of these appeals affirmed one of the district court orders granting defendants' summary judgment motion. The other appeal denied plaintiff's interlocutory appeal of an order denying a request for injunctive relief.

////

////

////

---

[3] See ECF No. 69-4 at 5-6 (12-2677); id. at 8-9 (12-3663); id. at 15-16 (13-505); id. at 42-43 (17-1167).

[4] See ECF No. 69-4 at 46-49 (15-1332).

11

The record above identifies only three actions filed by plaintiff (containing two appeals) which were dismissed on the merits over a seven years period. Based on this record, the undersigned does not find that plaintiff has a pattern of filing frivolous actions.

The undersigned further finds that, considering the thirteen actions cited above, defendant has not shown that plaintiff has a pattern of pursuing harassing litigation. As discussed above, the five actions plaintiff voluntarily dismissed were not dismissed to avoid the adverse consequences of dispositive motions. The undersigned also finds that the dismissal of three actions and one appeal, over a seven years period, based on plaintiff's failure to pay the filing fee does not demonstrate a pattern of harassing litigation.[5]

Defendant also argues that the Northern, Southern, Central and Eastern District Courts have all revoked plaintiff's in forma pauperis status under the "three strikes rule" of 28 U.S.C. § 1915(g). Based on this "three strikes status," defendant argues that there "can be no doubt" that plaintiff's actions are frivolous and harassing. In support of this argument, defendant cites cases from each of these districts which allegedly found plaintiff to be a three strikes litigant, i.e., Hicks v. Chrisman, N.D. Cal. Case No. 13-505 (ECF No. 12); Hicks v. Lizarrraga, S.D. Cal. Case No. 15-2408 (ECF No. 5); Hicks v. Kate, C.D. Cal. Case No. 2: 12-cv-0855 (ECF No. 6); and Hicks v. John Does, E.D. Cal., Case No. 1: 17-0006 (ECF No. 43.) (See ECF No. 69 at 3, fn. 1, 2, 3, 4.)

Other than citing the cases finding plaintiff to be a three strikes litigant, defendant provides no additional evidence that these cases support a finding that plaintiff is a vexatious litigant. For example, defendant does not discuss the cases relied on by the district courts to find plaintiff a three strikes litigant. The undersigned is not willing to review the dockets from these actions, and the cases cited in the three strikes orders, on defendant's behalf. For these reasons, the undersigned does not find that plaintiff's three strikes status, as reflected in the current record, demonstrates that plaintiff has a pattern of engaging in harassing or frivolous litigation.

////

---

[5] Plaintiff's litigation history stands in stark contrast to the litigation history of Steven Wayne Bonilla, whom the undersigned recommended be declared a vexatious litigant and be enjoined from filing any new civil actions in this district unless certain conditions were met. See Bonilla v. Fresno County, 2: 18-cv-2544 JAM KJN P (ECF No. 9).

12

Finally, defendant cites plaintiff's September 3, 2018 letter to defense counsel threatening more litigation as further evidence of plaintiff's harassing motives. A copy of this letter is attached to defense counsel's declaration filed in support of the pending motion. (ECF No. 69-1.) This letter states,

> Dear Ms. Woodbridge;
>
> The last time we spoke over the phone I made you an offer and the means to reach settlement. While my offer meet [sic] a couple of immediate needs, I consider the offer to be virtually idiotic when taken in light of what I believe this case to be valued at. If we start ADR my range will be in the $10K or 15K range.
>
> Please advise CDCR Legal Affairs that should they reject the offer that I will file a limited action state tort for breach of contract and fraud and not only serve CSP Sac Prison officials thru the sheriff but I will also mail you a courtesy copy of the filed summons and complaint and see if you want to represent CDCR on a separate suit that will not be settled for under $2500.
>
> That's what's coming and I can promise you on that. Take the offer.

(Id. at 6.)

The undersigned is not sure of the grounds of the state breach of contract and fraud action plaintiff references in this letter. While somewhat harassing, this letter is not sufficient grounds on which to declare plaintiff a vexatious litigant, even combined with the litigation history described above.

In summary, the undersigned finds that the record does not contain sufficient evidence that plaintiff engaged in frivolous or harassing litigation to justify issuance of a pre-filing order. Accordingly, defendant's motion for plaintiff to be declared a vexatious litigant and for issuance of a pre-filing order should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for plaintiff to post-security and for a pre-filing order (ECF No. 69) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 27, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hick2465.vex