UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. HICKS,<br><br>    Plaintiff,<br><br>    v.<br><br>AFSHIN ARYA, et al.,<br><br>    Defendants. | No. 2: 16-cv-2465 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 17, 2018, the undersigned vacated without prejudice plaintiff's motions for leave to file a third amended complaint pending resolution of defendant's motion for plaintiff to post security or, in the alternative, to dismiss this action because plaintiff is a vexatious litigant. (ECF No. 75.) On January 18, 2019, the Honorable Troy L. Nunley denied defendant's motion for plaintiff to post security or, in the alternative, to have plaintiff declared a vexatious litigant. (ECF No. 90.)

Accordingly, plaintiff's motions for leave to file a third amended complaint are reinstated. (ECF Nos. 71, 72.) For reasons stated herein, the undersigned recommends that plaintiff's motions to file a third amended complaint be granted.

////

////

Legal Standard for Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(b), a party may amend their pleading only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b).

To evaluate a motion to amend the complaint under Federal Rule of Civil Procedure 15, the court should consider factors including: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor."). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, 316 F.3d at 1052.

Background

Pursuant to the mailbox rule, on October 11, 2016, plaintiff filed the original complaint naming only Dr. Arya as a defendant. (ECF No. 1.) Plaintiff filed a proposed first amended complaint on June 12, 2017. (ECF No. 26.) The first amended complaint named as defendants Dr. Arya, Chief Executive Officer Felder and California Correctional Health Care Facilities Deputy Director Lewis. (Id. at 5.) Defendant Arya opposed plaintiff's motion to file a first amended complaint. (ECF No. 30.)

On August 23, 2017, the undersigned issued a nine-pages long findings and recommendations recommending that plaintiff's motion to file a first amended complaint be granted. (ECF No. 38.) On December 12, 2017, the Honorable Morrison C. England adopted the August 23, 2017 findings and recommendations. (ECF No. 53.)

On September 29, 2017, defendant Arya filed a motion for summary judgment on the grounds that plaintiff failed to exhaust administrative remedies. (ECF No. 46.) Pursuant to the mailbox rule, plaintiff filed a proposed second amended complaint on October 2, 2017. (ECF No. 47.) The proposed second amended complaint named as defendants Dr. Arya, Chief Executive Officer Felder, Deputy Director Lewis, D. Hopkins, R. Rudas, P. Sahota, R.Gil, D. Bodenheimer, M. Felder, D. Knipp, J. Yang and C. Carmichael.

On May 17, 2018, the undersigned issued a twenty-five pages long findings and recommendations. (ECF No. 60.) The undersigned recommended that defendant Arya's summary judgment motion be granted in part and denied in part. (ECF No. 60.) The undersigned also recommended that plaintiff's motion to file a second amended complaint be granted in part and denied in part. The undersigned recommended that this action proceed on the second amended complaint against defendants Arya, Bodenheimer, Hopkins and Felder as to plaintiff's claims that these defendants improperly denied plaintiff's request for transfer to the California Medical Facility ("CMF") to receive cervical traction. (Id. at 14, 15.) The undersigned recommended that plaintiff's claims regarding inadequate pain medication and inadequate treatment for hepatitis C be dismissed. (Id. at 15-24.)

On September 21, 2018 the Honorable Troy L. Nunley adopted the May 17, 2018 findings and recommendations. (ECF No. 70.) Thus, this action proceeds on claims against defendants Arya, Bodenheimer, Hopkins and Felder, although only defendant Arya has been served.

On September 20, 2018, defendant Arya filed a motion to require plaintiff to post-security or, in the alternative, to dismiss this action because plaintiff is a vexatious litigant. (ECF No. 69.) On November 28, 2018, the undersigned recommended that this motion be denied. (ECF No. 83.) On January 18, 2019, the Honorable Troy L. Nunley adopted the September 20, 2018 findings and recommendations. (ECF No. 90.)

Pending Motion for Leave to File Third Amended Complaint

On September 21, 2018, plaintiff filed a notice of his intent to file a third amended complaint. (ECF No. 71.) On September 24, 2018, plaintiff filed a motion for leave to file a third amended complaint and a proposed third amended complaint. (ECF Nos. 72, 73.)

In the pending motion to file a third amended complaint, plaintiff alleges that the third amended complaint includes only claims regarding defendants' alleged denial of his requests for transfers to receive cervical traction. (ECF No. 72 at 2.) Plaintiff states that the proposed third amended complaint does not include the previously dismissed claims, i.e., those claims regarding inadequate pain medication and hepatitis C treatment. (Id.) Plaintiff alleges that the proposed third amended complaint adds two new defendants, i.e., defendants Sahota and Lewis. (Id. at 3.)

The undersigned finds that the proposed third amended complaint includes those claims previously found potentially colorable against defendants Arya, Bodenheimer, Hopkins and Felder regarding their alleged denial of plaintiff's requests for transfers to receive cervical traction. (See ECF No. 73.) The proposed third amended complaint alleges that on January 19, 2017, defendant Sahota upheld defendant Hopkins' decision denying plaintiff's request for a transfer to CMF to receive cervical traction. (Id. at 16.) Plaintiff alleges that on July11, 2017, defendant Lewis, in essence, denied his third level grievance requesting a transfer to CMF for cervical traction. (Id. at 17-18.) These allegations state potentially colorable claims against defendants Sahota and Lewis.

Discussion

As discussed above, defendant Arya opposed plaintiff's two previous motions to amend. (ECF Nos. 30, 51.) For the reasons discussed herein, the undersigned does not require defendant Arya to oppose the pending motion.

Plaintiff's proposed new claims against defendants Sahota and Lewis are not futile because these claims are potentially colorable.

The undersigned does not find that defendant Arya would be prejudiced were plaintiff to be allowed to amend his complaint to include the proposed new claims against defendants Sahota and Lewis. As discussed above, defendants Bodenheimer, Hopkins and Felder have not been served. Therefore, allowing plaintiff to proceed with the third amended complaint will not delay resolution of this action, as five of the six named defendants have not yet been served.

////

////

4

While plaintiff has previously been granted leave to amend, the claims against defendants Sahota and Lewis are based on the same claims found potentially colorable against the other named defendants. In other words, plaintiff is not attempting to raise new claims. For this reason, the undersigned finds that plaintiff's previous amendments do not strongly weigh toward denying plaintiff's motion to file the proposed third amended complaint.

In the motion for leave to file a third amended complaint, plaintiff states that he drafted the proposed third amended complaint in response to the May 17, 2018 findings and recommendations addressing his motion for leave to file a second amended complaint. As discussed above, the proposed third amended complaint includes only those claims found potentially colorable in the May 17, 2018 findings and recommendations, and adds two new defendants. Plaintiff filed the motion for leave to amend and proposed third amended complaint while the May 17, 2018 findings and recommendations were pending in the district court. Based on these circumstances, the undersigned does not find that plaintiff acted with undue delay or bad faith.

For the reasons discussed above, the undersigned recommends that plaintiff's motions for leave to file a third amended complaint be granted. The undersigned will order service of the third amended complaint on defendants Bodenheimer, Hopkins, Felder, Sahota and Lewis after the district court's adoption of these findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to file a third amended complaint (ECF Nos. 71, 72) are reinstated;

IT IS HEREBY RECOMMENDED that plaintiff's motions to file a third amended complaint (ECF Nos. 71, 72) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 7, 2019

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hick2465.san