UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. HICKS,

    Plaintiff,

v.

AFSHIN ARYA, et al.,

    Defendants.

No. 2: 16-cv-2465 TLN KJN P

<u>ORDER</u>

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, defendants are granted 21 days from the date of this order to file a stipulation to withdraw plaintiff's pending motion to withdraw from the previous settlement and reopen this action.

    On September 10, 2019, the parties entered a settlement agreement in the instant action, <u>Hicks v. Robles</u>, 1:18-cv-1481 AWI EPG (E.D. Cal.) and several other actions.

    After the settlement agreement was reached, plaintiff filed motions in the instant action and case 1:18-cv-1481 to withdraw from the settlement and to reopen the actions. In the instant action, plaintiff filed a request to withdraw from the settlement and reopen the action on May 1, 2020. (ECF No. 133.)

    On October 2, 2020, the undersigned conducted a further settlement conference. The instant action, 1:18-cv-1481 and several other actions were settled. The undersigned ordered the

1   parties to file dispositional documents within thirty days in each case.

2       Thirty days passed from October 2, 2020, and defendants did not file dispositional

3   documents in the instant action.  In particular, defendants did not file a stipulation to withdraw

4   plaintiff's pending motion to withdraw from the previous settlement and reopen this action, filed

5   May 1, 2020.  Accordingly, on November 10, 2020, the undersigned ordered that within fourteen

6   days, defendants were to coordinate with plaintiff to take all necessary steps and then notify the

7   undersigned whether they had filed appropriate dispositional document in the other actions settled

8   on October 2, 2020.  (ECF No. 134.)  In addition, within that time, defendants were to file a

9   stipulation to withdraw plaintiff's pending motion to withdraw from the previous settlement and

10   reopen this action, filed May 1, 2020.  (Id.)

11       On November 24, 2020, defendants filed a response to the November 10, 2020 order.

12   (ECF No. 136.)  Regarding the other actions settled on October 2, 2020, defendants provide the

13   following information.  In case 1:18-cv-1481 AWI EPG (E.D. Cal.), an order concerning the

14   stipulation to withdraw all pending motions was entered on November 6, 2020.  (Id. at 2.)  In case

15   2:19-cv-2424 MCE CKD P (E.D. Cal.), a stipulation of dismissal was entered on October 28,

16   2020.  (Id.)  Case no. 3:19-cv-3010 (N.D. Cal.) was dismissed on October 22, 2019, i.e., plaintiff

17   did not file a motion to reopen this action.  (Id.)  Case no. 3:19-cv-1137 (N.D. Cal.) was

18   dismissed on October 22, 2019, i.e., plaintiff did not file a motion to reopen this action.  (Id.)  In

19   case no. 3:20-cv-0217 (S.D. Cal.), a notice of voluntary dismissal was entered on November 3,

20   2020.  (Id.)

21       Regarding the instant action, defendants state that on November 12, 2020, a stipulation to

22   withdraw the pending motion to withdraw from the settlement was forwarded to the litigation

23   coordinator at the R.J. Donovan Correctional Facility for plaintiff's signature.  (Id. at 4.)  Having

24   not received the signature, defense counsel followed up with the litigation coordinator on

25   November 18, 2020.  (Id.)  On November 19, 2020, defense counsel was informed by the

26   litigation coordinator that the stipulation was sent to plaintiff's correctional counselor.  (Id.)

27       On November 23, 2020, defense counsel was informed by Deputy Attorney General Erik

28   Gutierrez that plaintiff had sent a correspondence to the Office of the Attorney General attention

to Deputy Attorney General Joanna Hood.  (Id.)  In this correspondence, plaintiff acknowledged receipt of the stipulation but indicated that he would not sign it until he received confirmation that defendants had submitted the settlement agreement to the state controller's office.  (ECF No. 136-1.)

In response to plaintiff's letter, Deputy Attorney General Joanna Hood sent plaintiff a letter stating that when she received plaintiff's letter, she sent an inquiry to CDCR staff regarding the status of the distribution of settlement funds.  (Id. at 8.)  Deputy Attorney General Hood wrote that she was informed that the settlement agreement was currently being reviewed by a budget analyst.  (Id.)  Deputy Attorney General Hood wrote that although she stated during the settlement conference that she would request that the settlement agreement be processed on an expedited basis, she also informed plaintiff that she could not promise that it would be expedited.  (Id.)  Deputy Attorney General Hood wrote that once she sent the paperwork to CDCR, she had no role in how it was processed.  (Id.)

In the response to the November 10, 2020 order, defense counsel states that they anticipate that plaintiff will execute the stipulation shortly upon his receipt of the confirmation of the information he requests. (ECF No. 136 at 3.)  Defendants request an additional 21 days to receive the signed stipulation from plaintiff which shall close the matter.  (Id.)

On November 20, 2020, plaintiff filed a response to the November 10, 2020 order.  (ECF No. 135.)  In this response, plaintiff states that he will sign the stipulation sent to him regarding the instant action when he is provided a signed and dated settlement agreement and release in the Robles case, i.e. case 1:18-cv-1481.  (Id.)  As discussed above, on November 6, 2020, the parties submitted a stipulation to withdraw all pending motions in case 1:18-cv-1481.  The stipulation submitted in case 1:18-cv-1481 is the dispositional document for that action.

The undersigned appreciates all of the efforts counsel has made to document the conclusion of these cases.  Good cause appearing, defendants are granted 21 days from the date of this order to file the stipulation to withdraw plaintiff's pending motion to withdraw from the settlement and reopen this action, i.e., the dispositional document for the instant action.  If defendants are unable to file the stipulation within that time, defendants shall show good cause

3

for their failure to do so.

Accordingly, IT IS HEREBY ORDERED that within 21 days of the date of this order, defendants shall file the stipulation to withdraw plaintiff's pending motion to withdraw from the settlement and reopen this action or show good cause for their failure to do so.

Dated:  December 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Hicks2465.ord(2)